UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| D'ARRIGO BROS CO. OF NEW YORK, INC., <br><br> Plaintiff, <br><br> v. <br><br> GRAMERCY PRODUCE INC., et al., <br><br> Defendants. | 24-CV-4841 (DEH) <br><br> **ORDER** |

DALE E. HO, United States District Judge:

The above-captioned action is brought by Plaintiff D'Arrigo Bros. Co. of New York, Inc. ("Plaintiff") alleging a violation of the Perishable Agriculture Commodities Act, 7 U.S.C. § 499e(c) ("PACA"). Before the court is Plaintiff's Emergency Motion for Ex Parte Temporary Restraining Order ("TRO") filed on June 26, 2024. *See* ECF No. 8. Plaintiff's application is **DENIED** for the reasons set forth below.

A temporary restraining order "is an extraordinary remedy that will not be granted lightly," *Jackson v. Johnson*, 962 F. Supp. 391, 392 (S.D.N.Y. 1997), the purpose of which is usually "to preserve an existing situation in statu[s] quo until the court has an opportunity to pass upon the merits of the demand for a preliminary injunction." *Pan Am. World Airways, Inc. v. Flight Engineers' Int'l Ass'n, PAA Chapter, AFL-CIO*, 306 F.2d 840, 842 (2d Cir. 1962). To obtain such relief, the moving party must show "(a) irreparable harm and (b) either (1) likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party seeking preliminary relief." *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund, Inc.*, 598 F.3d 30, 35 (2d Cir. 2010). The Second Circuit defines irreparable harm as "injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an

award of monetary damages." *New York v. U.S. Dep't of Homeland Sec.*, 969 F.3d 42, 86 (2d Cir. 2020) (internal citations omitted).

Plaintiff argues that the Court should issue this TRO without notice to Defendants, because "notice will afford defendants an opportunity to dissipate trust assets that are required by statute to be held for the benefit of Plaintiff, a PACA trust creditor of defendants." ECF No. 8-1. Plaintiff also cites to cases within and beyond this Circuit where courts determined that "once trust assets are dissipated, it is all but impossible to recover them." *Id.* The Court agrees with Plaintiff that dissipation of PACA trust assets constitutes a form of irreparable harm that may justify issuance of a TRO. In enacting the trust provisions of PACA, Congress sought to prevent the harm that occurs when dealers pay secured creditors from the proceeds of perishable agricultural commodities, leaving agricultural suppliers with no means of recovering payment. *See* 7 U.S.C. § 499e(c)(1). In this case, however, Plaintiff has not clearly shown that there is an imminent danger that dissipation of trust assets will occur. The Court has carefully reviewed Plaintiff's motion for a temporary restraining order and does not find that Plaintiff meets the standard for emergency injunctive relief at this time. Accordingly, the Court **DENIES** Plaintiff's motion for a temporary restraining order.

On June 26, 2024, Plaintiff also filed a motion for preliminary injunction. *See* ECF No. 10. By **July 12, 2024**, Defendants shall file an opposition to the motion, not to exceed fifteen pages. Plaintiff shall file a reply, if any, not to exceed fifteen pages, by **July 19, 2024**.

Plaintiff is **ORDERED** (1) to notify counsel for all other parties in this action who have not yet appeared by serving upon each of them a copy of this order by Federal Express or other delivery service and (2) to file proof of such notice with the Court by **July 1, 2024**. If unaware of the identity of counsel for any of the parties, counsel receiving this order must forthwith send a copy of this order and the Court's Individual Practices to that party personally.

The Clerk of Court is respectfully directed to close ECF No. 8.

SO ORDERED.

Dated: June 26, 2024
       New York, New York

                                                          _____
                                                                    DALE E. HO
                                                          United States District Judge